**In re COMTEK ELECTRONICS, Debtor.**

**Bankruptcy No. 82 B 10979.**

United States Bankruptcy Court,
S.D. New York.

March 30, 1983.

Chester P. Salomon, New York City, for debtor.

Kermit Casscells, Staten Island, N.Y., for landlord.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Debtor and non-debtor plaintiffs seek to hold defendant landlord in contempt for violation of the automatic stay provisions of Bankruptcy Reform Act of 1978 ("Code") section 362(a) and to enjoin defendant from enforcing a warrant of eviction obtained from a New York Court. Plaintiffs seek a declaration that the debtor is the true tenant under the lease with the defendant and that the debtor has no liability under said lease. This Court, upon plaintiffs' application, entered an order to show cause for a preliminary injunction and a temporary restraining order prohibiting enforcement of the eviction warrant. On August 5, 1982 a hearing on the preliminary injunction took place. At defendant's request, the hearing was adjourned and continued to September 14, 1982, while the preliminary injunction remained in effect. Upon continuation of the hearing, the parties agreed and this court determined that the hearing on the preliminary injunction would be deemed a trial on the merits. This Court, having considered testimony, evidence, and applicable law, rendered a decision on the record of the proceedings in favor of plaintiffs.

Timely notice of the settlement of the plaintiffs' proposed findings of fact, conclusions of law, and judgment was served upon counsel for the defendant. This Court is aware of the United Supreme Court's instruction in *United States v. El Paso National Gas Co.*, 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964), that trial courts should avoid slavish adherence to a party's proposed findings and conclusions. However, since this court determines that the debtor's proposed findings and conclusions accurately state and reflect the record before the court and the applicable law, and any effort to rephrase them would waste judicial time, this court adopts the trustee's proposed findings of fact and conclusions of law and enters judgment pursuant thereto.

This court determines that the debtor is the true tenant under the lease and is entitled to the rights of a party to an unexpired Lease under Code section 365. Further-more, this court, pursuant to Code section 362(a) enjoins defendant from enforcing the warrant of eviction obtained from civil court. This court orders the debtor-plaintiff to pay defendant the cost of use and occupancy of the leased premises for the post-petition term. Finally, this court declines to hold defendant in contempt for violation of the stay.

*Facts*

Plaintiff, Comtek Electronics, Inc., ("Comtek") has filed a voluntary Chapter 11 petition and is now a debtor in possession, engaged in selling video, audio, and computer equipment and related accessories. Plaintiff, Future Innovations, Inc., ("Future Inovations") is a corporation affiliated with the debtor but is not itself a debtor in any pending bankruptcy case. Future Innovations, through one retail store, sells frozen yogurt and ice cream under the trade name of Dannon Yogurt shop.

Defendant, Rouse S.I. Shopping Center, Inc., ("Rouse") is owner of a regional shopping center known as the Staten Island Mall, located in Staten Island, New York. Rouse is a successor in interest to Staten Island Mall, Inc., the original owner of the Staten Island Mall.

The debtor uses a retail premise located in the Staten Island Mall, pursuant to a lease dated September 26, 1979, between Staten Island Mall, Inc., as landlord and Future Innovations as tenant. August 5, 1982 Transcript at 13–16; Plaintiffs' Exhibit 1. The lease specifies the tenant's trade name as "Comtek" and permits use of the premises "for the retail sale of video, audio and computer equipment and accessories related thereto; and for no other purpose." Plaintiffs' Exhibit 1.

Ms. Margee Weiss, president of Comtek and secretary of Future Innovations, originally sought to obtain the lease in the name of Comtek. A representative of Staten Island Mall, Inc. told Ms. Weiss that the lease would not be offered in the name of Comtek because the debtor had only recently come into existence and had no proven fi-

nancial strength. Since Future Innovations was an older corporation with a stronger financial background than Comtek's, the lease, as executed, names Future Innovations as tenant and designates "Comtek" as the tenant's trade name. August 5, 1982, Transcript at 17–20. From the commencement of the lease term, Comtek paid all rent with its own checks and only Comtek used the premises. During the lease term, correspondence from Staten Island Mall concerning "your lease" was addressed to Comtek, not to Future Innovations. August 5, 1982, Transcript at 23–24.

On or about December 22, 1981, pursuant to an action pending in the Civil Court of the City of New York, County of Richmond, entitled Staten Island Mall, Inc., v. Comtex [SIC] d/b/a Future Innovations, Inc., the parties stipulated that "the attorney for the present named petitioner-Staten Island Mall, Inc., will be changed to Staten Island Mall, Inc., and Rouse Staten Island Shopping Center, Inc.," and that the defendant "Comtex [SIC] d/b/a Future Innovations, Inc., will be changed and they will be known as Comtex [SIC], d/b/a being eliminated from the nomenclature of the ... defendant."

On April 29, 1982, a three day notice of default addressed to "Future Innovations, Inc., (trade name—Comtex)" was delivered to an employee of the debtor at the Staten Island Mall. The debtor filed for bankruptcy on May 27, 1982. On or about June 4, 1982, Rouse, succeeding Staten Island Mall, Inc., as landlord under the lease, commenced a suit in the Civil Court of the City of New York, County of Richmond, entitled *Rouse S.I. Shopping Center, Inc. v. Future Innovations, Inc. (Comtek),* for the summary recovery of possession of the leased property.

In June of 1982, Ms. Weiss delivered to defendant's representative a copy of Comtek's Chapter 11 petition and notified him that Comtek would continue to operate as a debtor in possession. The debtor delivered to Rouse a check, dated June 23, 1982, drawn on Comtek's debtor in possession account payable to S.I. Shopping Center for rent for the month of June, 1982. Defendant Rouse held the check until August 3, 1982, at which time defendant's counsel returned the check to debtor's counsel with a letter explaining that the landlord rejected the check. August 5, 1982 Transcript, at 25.

On June 29, 1982, Rouse submitted an ex parte application for the entry of default judgment and the issue of a warrant of eviction. On June 30, 1982 judgment of possession upon failure to answer was entered in favor of Rouse providing that issuance of the eviction warrant was stayed until July 6, 1982. On July 8, 1982, counsel for the landlord, Rouse, wrote the clerk of the civil court requesting issuance of the warrant to the Marshall of the City of New York. On July 21, 1982, the Marshall served a seventy-two hour notice of eviction with respect to the leased premises. Enforcement of the warrant was restrained by Order of this Court dated July 29, 1982, pursuant to Code section 362(a).

*Issue:*

The issue confronting this court is whether the debtor Comtek was and is the true tenant under the Lease agreement such that the landlord's commencement and continuation of a suit based on the lease in civil court constitutes a violation of the automatic stay provisions of the Bankruptcy Code.

*Decision on the Facts*

 The bankruptcy court, as a court of equity, may disregard the form of a transaction and give effect to its substance in the interest of justice. The facts in the instant case strongly indicate that both Staten Island Mall, Inc. and defendant Rouse, as its successor in interest, have at all times treated the debtor Comtek as the tenant in the leased premises. The lease itself designates Comtek as the "trade name" of the alleged tenant, Future Innovations. Furthermore, all checks for the payment of rent sent either to Staten Island Mall, Inc. or to Rouse were drawn on the account of Comtek rather than on that of Future Innovations. This Court takes judicial notice of the stipulations entered into by the parties on December 22, 1981 by which it was un-

derstood that while Comtek may have done business under the name of Future Innovations, Comtek was the true tenant and real party in interest under the lease. Therefore, this court finds that Comtek is the true tenant on the premises in the Staten Island Mall and is entitled to the rights of a party to an unexpired lease under Code section 365.

■ Subsequent to the filing of a Chapter 11 petition, a landlord may not commence or continue any action to evict a debtor in possession based on unpaid pre-petition rent. The Court thus finds defendant's commencement and continuation of its suit on civil court to be violative of the automatic stay provisions of Code section 362(a). Comtek as a debtor is thus entitled to and granted an injunction prohibiting defendant's enforcement of the warrant of eviction obtained from the civil court.

In a chapter 11 case, the landlord's entitlement to receive pre-petition rent is determined by the plan of reorganization but as to post-petition rent, the landlord has a right to payments for the reasonable cost of the debtor's use and occupancy of the premises. Comtek is ordered to pay Rouse on a monthly basis the cost of the debtor's use and occupancy of the Staten Island Mall premises while Rouse reserves all rights it may have under applicable law that have not been determined herein.

■ A landlord who, with knowledge of this filing of a Chapter 11 petition brings an action to evict a debtor in possession in violation of the automatic stay may be held in contempt of court. The facts of this case indicate, however, that a bona fide dispute existed between the parties as to the identity of the tenant in possession of the leased premises, and thus this court declines to hold Rouse in contempt.

It is so ordered.